Mr. Fendall moved for an attachment against the Hon. Mr. Rilfe, of Missouri, and asked if the court had any power to coerce the attendance of a member of congress?

Mr. Crittenden, in support of the power of the court to compel the attendance of the witness who had treated the process of the court with contempt. He contended that no member of congress could plead privilege as a matter of right, nor plead it as an excuse unless his legislative duties were so pressing and the public interest so important as to require his attendance to them.

THE COURT decided not to issue the attachment against the Hon. Mr. Rilfe, who has declined to attend as a witness.

May 7, 1846.

After argument by counsel THE COURT was of opinion that the defendant was entitled to a new attachment against Mrs. Linn, and consequently postponed the trial until the attachment could be returned.

Mr. Crittenden, on behalf of the prosecution, named the second Monday in November for the time of trial, and read a formal consent signed by the Hon. Mr. Benton and the district attorney, providing that a commission may be issued to take the testimony of Mrs. Linn before two justices of the peace in the city of St. Louis, within fifty days from the present date, three days' notice being given to Messrs. Lawliss, Grant & Guyer, of said city, attorneys.

March 4, 1847.

Mr. Maulby moved for a further postponement of the trial, on the ground of the unavoidable absence of the defendant at Annapolis, and the necessary absence of Mr. Jones, senior counsel, who was engaged in the supreme court.

The motion was resisted by Mr. Preston and Mr. Fendall.

THE COURT made the following decision: If the defendant or his counsel will admit the publication here of the supposed libelous matter charged in the indictment, and the publication of which would be admitted in a regular plea of justification, or agree to take the deposition of Mr. Hopkins immediately, and shall agree to file by Saturday next, at 10 a. m., a specification of so much of the supposed libelous matter as he intends to justify, the cause may be postponed to Monday next, at 11 a. m., when the cause must peremptorily proceed to trial.

March 8, 1847.

The counsel for the defendant asked leave to abandon all the purposes of the defendant of establishing the truth of his charges against the prosecution in this case.

The counsel for the prosecution congratulated the court on the termination of the cause, and tendered their acknowledgment to the counsel on the other side for the honorable and proper course they had pursued.

The counsel for the United States considering the object of the prosecution to have been fully accomplished, he thought it his duty to enter a nolle prosequi on the case.

THE COURT signified their approbation of the suggestion of the district attorney, and expressed their gratification that an end was put to the case. They directed the nolle prosequi to be entered, and it was so entered at the October term of the court.

## Case No. 16,477.

### UNITED STATES v. THOMAS.

[See Case No. 16,473.]

UNITED STATES (The THOMAS AND HENRY v.). See Case No. 13,919.

## Case No. 16,478.

### UNITED STATES v. THOMASSON et al.

[4 Biss. 99.] [1]

District Court, D. Indiana. July, 1866.

VIOLATION OF REVENUE LAW—PARTNERSHIPS—INTERPRETATION OF STATUTE.

1. Every partner is civilly liable for violations of the revenue law by his co-partners, whether he knew of, or consented to, such violations, or not.

2. The 91st section of the internal revenue act of March 3, 1865 [13 Stat. 475], must be so construed as to create a penalty of three hundred dollars for every violation of it.

3. Penal statutes not authorizing indictments are not within the rule of criminal law, that a man is not punishable unless he has been guilty both of a criminal act or omission and a criminal or unlawful intent.

John Hanna, U. S. Dist. Atty., A. G. Porter, and M. M. Ray, for the United States.

McDonald, Roach & Sheeks, for defendants.

McDONALD, District Judge. This is an action of debt on the 91st section of the internal revenue act of March 3, 1865 (13 Stat. 475). The declaration charges, that the defendants [John D. Thomasson and William P. Stults] were manufacturers of tobacco, at Bedford, Indiana; and that, with intent to evade the revenue duties, they fraudulently marked one hundred and twenty boxes of their manufactured tobacco with the proper inspector's marks, the same never having been either inspected or marked by said inspector.

The defendant pleaded the general issue; and by agreement a jury was waived, and the cause was tried by the court. At the request of counsel, the court found specially. This special finding was as follows: "That during the whole of the year 1865, the defendants and one Joseph Gravely (who was sued in this action, but not served with process) were partners in the business of buying, manufacturing, and selling tobacco in the town of Bedford, Indiana; that, during that year, and before the commencement of this action, they manufactured and put up in

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]